**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, **Special Agent Brandon King**, being duly sworn, state the following:

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been so employed since January of 2019. I received approximately five months of training at the FBI Academy in Quantico, Virginia. During that time, I received training on various things including evidence collection, interviewing, legal procedure and process, source management, investigative technology, firearms and tactical training, and defensive tactics. I am currently assigned to the Cleveland Field Office Youngstown Resident Agency to investigate violent crime.

2. Since joining the FBI, I have been assigned and participated in investigations in the area of general criminal matters, which include firearm offenses, bank robberies, drug violations, crimes against children, armed robberies, and threats of violence. I have participated in all of the usual methods of investigation including, but not limited to, financial analysis, physical surveillance, cooperating witnesses, confidential human sources, telephone toll record analysis, interception of wire and cellular telephone communications, consensual monitoring, and in the execution of search and arrest warrants. I am an investigative law enforcement officer of the United States, and I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 of the United States Code.

3. Except as otherwise noted, the information set forth in this Affidavit has been provided to me by FBI Agents, the Mahoning Valley Violent Crimes Task Force ("MVVCTF"), the Youngstown, Ohio, Police Department, and other law enforcement officers or agents. Unless otherwise noted, whenever in this Affidavit I assert that a statement was made, the information

was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Likewise, information resulting from physical surveillance, except where otherwise indicated, does not necessarily set forth my observations, but rather has been provided directly or indirectly through the FBI, MVVCTF, or other law enforcement officers who conducted such surveillance. Unless otherwise stated herein, any information pertaining to personal data on subjects or record checks has been obtained through the Ohio Law Enforcement Gateway ("OHLEG") or the National Crime Information Center ("NCIC") computers by members herein described.

4. Due to the fact that this affidavit is being made to establish probable cause, I have not listed each and every fact known regarding this investigation. This case involves a violation of 18 U.S.C. § 922(g)(9) Possession of Ammunition by a Person Convicted of a Misdemeanor Crime of Domestic Violence.

5. On Tuesday February 11, 2025, at approximately 3:00 PM, SA Brandon King and SA Themistocles Tsarnas were at The Training Range, 4445 Mahoning Ave, Austintown, Ohio. SA King and SA Tsarnas rented a lane and observed three white males enter the range. One white male was tall and skinny with visible tattoos (later identified as **DAVID POYSSICK**). **POYSSICK** went to the back table and opened a firearms case. SA King observed the firearm case to have the logo of Taran Tactical. SA King struck up a conversation with **POYSSICK**. SA King asked if **POYSSICK** liked the trigger of the Canik firearm. **POYSSICK** stated he liked the trigger a lot and removed the firearm from the case, cocked it, and pulled the trigger. **POYSSICK** then bragged about the short trigger reset. **POYSSICK** stated he just got the firearm the day prior at Bass Pro Shops in Niles, Ohio.

6.     **POYSSICK** went back to his rented lane and fired at the target. **POYSSICK** hit the target near the center and showed his two other friends the shot. **POYSSICK** continued firing at the target. The other males took turns shooting at the target in their lane. Eventually, **POYSSICK** and the males left the firing range. SA King went to the lane the males were using to sweep up brass. On the bench in the lane the males were using, SA King located a receipt. The receipt listed the following:

Customer: David **POYSSICK**

XXXX XXXXXXXX XX., Youngstown, Ohio 445020000

30 Minute range time $15.00

Range Added 2nd or 3rd Shooter to 1 lane $20.00

Light Blue Target $6.00

Earrentradians Ear Muff Rental $2.00

Eyerentadians Eye Rental Radians $3.00

P9MM124F9MM 124 GR FMJ Box/50 Patriot Defense Ammo $16.99

Total $67.71

Cash $70.00

Cash -$2.29

## Investigation

7.     SA King ran a NCIC check on **POYSSICK** of Youngstown and located the following: **DAVID POYSSICK**, DOB: XX/XX/1983, had a prior conviction of domestic violence. A firearm denial notice was submitted on April 22, 2024 for **DAVID POYSSICK** of XXXX XXXXXXXX XX., Youngstown, Ohio. The attempted purchase occurred at 402 Firearms LLC.

8. SA King ran a NCIC check on **POYSSICK** of Youngstown and located the following: David Poyssick, DOB: XX/XX/1983, had a prior conviction of domestic violence. On March 3, 2009, **POYSSICK** was convicted on domestic violence, a first-degree misdemeanor, in Youngstown, Ohio, Municipal Court, in case number 09 CRB 345. **POYSSICK** was present for his sentencing and therefore knew he had been convicted of a misdemeanor crime of domestic violence.

9. On March 14, 2025, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Jason Petaccio of the Youngstown Satellite Office, a firearms interstate nexus expert, researched/examined the following firearm(s) and/or ammunition to determine whether the firearm(s) and/or ammunition traveled in, or were possessed in or affecting, interstate commerce. Based on SA Petaccio's training, experience, research, examination of the ammunition, access to ATF, industry and open-source documentation; and through professional and industrial contacts, SA Petaccio rendered an opinion as follows:

- The fifty (50) rounds of Patriot Defense brand, 9mm, 124 grain, full metal jacket ammunition is ammunition as defined in Title 18, USC Section 921(a)(17)(A). The fifty (50) rounds of Patriot Defense brand, 9mm, 124 grain, full metal jacket ammunition was not manufactured in the State of Ohio. Thus, the fifty (50) rounds of Patriot Defense brand, 9mm, 124 grain, full metal jacket ammunition had traveled in interstate and/or foreign commerce in order to be found in the State of Ohio.

10. Based on the foregoing, I believe that there is probable to cause to support that on or about February 11, 2025, within the confines of the Northern District of Ohio, **DAVID**

4

**POYSSICK** did commit a violation of 18 U.S.C. § 922(g)(9) Possession of Ammunition by a Person Convicted of a Misdemeanor Crime of Domestic Violence.

11. **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.**

Brandon King
Special Agent, FBI

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 4.1 and 41(d)(3) this <u>14th</u> day of March 2025.

_CarmenHenderson_  March 14, 2025
HONORABLE CARMEN E. HENDERSON       Date
UNITED STATES MAGISTRATE JUDGE

5